ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOSEPH SCHINASI<br><br>APELANTE<br><br>V.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>APELADO | KLAN202401086 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de San Juan<br><br>Caso Núm. K2AC2024-5929<br><br>Sobre:<br><br>Revisiones de Boletos de Tránsito y Obras Públicas |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Comparece ante nos, Joseph Schinasi (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 17 de septiembre de 2024 y notificada el 20 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Municipal de San Juan. Mediante el referido dictamen, dicho tribunal declaró *No Ha Lugar* el "*Recurso de Revisión por Falta Administrativa de Tránsito.*"

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado.

**I.**

El 16 de agosto de 2024, el peticionario presentó ante el foro recurrido un "*Recurso de Revisión por Falta Administrativa de Tránsito.*" En esencia, cuestionó la legitimidad de la multa de tránsito que le fue emitida el día 5 de agosto de 2024, por infringir el Artículo 6.010 del Código de Tránsito y Estacionamiento Vehicular del Municipio de San Juan, Ordenanza Núm. 8., serie 2002-2003. Sobre el particular, sostuvo que no

había letreros que indicaran la ilegalidad de estacionarse en el área donde detuvo su automóvil.

Así las cosas, el 17 de septiembre de 2024, el foro recurrido celebró una vista para el caso de epígrafe. En la aludida vista comparecieron el peticionario y la Oficial de Policía que emitió la multa de tránsito objeto de revisión. Tras escuchar los argumentos de las partes, el foro recurrido declaró *No Ha Lugar* el "*Recurso de Revisión por Falta Administrativa de Tránsito*," y notificó su determinación el día 20 de septiembre de 2024.

En desacuerdo, el 17 de octubre de 2024, el peticionario presentó una "*Moción Solicitando Reconsideración*." Mediante esta, reiteró sus argumentos sobre que no había rótulos visibles que informaran que el área donde estacionó su vehículo era una zona que no permitía el estacionamiento de automóviles. En atención de dicha solicitud, el 8 de noviembre de 2024, el foro recurrido notificó una "*Orden*." Mediante esta, declaró *No Ha Lugar* la "*Moción Solicitando Reconsideración*," presentada por el peticionario.

Aun en desacuerdo, el 4 de diciembre de 2024, el peticionario compareció ante nos mediante un "*Recurso de Apelación Civil*." A través de este planteó lo siguiente:

> The ticket article number is illegible. If it is about Article 6.010 there is no signage indicating it is a plaza. Please know that I parked next to the [ininteligible] facing the building where BK is situated. There are no markings on the road non benches. Non were aby businesses on the pavement. There was no parking availed anywhere that was safe and unobstructive.

**II.**

**A.    Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del certiorari "se asienta en la discreción

encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> **D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> **E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *Id*, pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    El término jurisdiccional para presentar reconsideración de determinaciones finales del Tribunal de Primera Instancia**:

La jurisdicción es el poder o la autoridad de un tribunal para considerar o decidir casos o controversias. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico*, 2024 TSPR 24. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank, 204 DPR 374 (2020)*; *Peerless Oil v.*

*Hermanos Pérez*, 186 DPR 239, 249 (2012). A tales efectos, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). De la misma forma, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey- Ramos v. F. Castillo*, 169 DPR 873, 883-884 (2007).

En lo que aquí nos concierne, "[l]a parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia." Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47. La precitada regla también establece que "[l]a moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir." *Íd*. Finalmente, es preciso destacar que "los términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término, no importa las consecuencias procesales que su expiración provoque". *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2017).

**III.**

La Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000, según enmendada, 9 LPRA sec. 5001 et seq, no incluye alguna disposición expresa para la revisión apelativa de las determinaciones sobre faltas administrativas de tránsito que realice el foro de instancia. Sin embargo, el ordenamiento jurídico vigente le confiere competencia a este Tribunal para revisar vía *certiorari* cualquier orden o resolución emitida por el tribunal de instancia, y para entender de cualquier otro asunto determinado por legislación especial. Véase, el Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, 4

LPRA sec. 24y. Siendo así, acogemos el presente recurso como un auto de *certiorari*.

De otra parte, a pesar de que la determinación del tribunal de instancia se intitula resolución, lo cierto es que el referido dictamen atiende de manera final todas las cuestiones que el foro primario tenía ante su consideración. Por consiguiente, dicha determinación es en realidad una sentencia. Así pues, conforme nuestro ordenamiento procesal civil, el peticionario tenía un término jurisdiccional de quince (15) días para presentar una reconsideración ante el foro recurrido. Sin embargo, el peticionario no cumplió con el referido término, dado que presentó una "*Moción Solicitando Reconsideración*" luego de veintisiete (27) días de notificada la determinación del tribunal de instancia. Entiéndase, la determinación recurrida se notificó el 20 de septiembre de 2024 y la "*Moción Solicitando Reconsideración*" se presentó el 17 de octubre de 2024.

Ante tal escenario, nos vemos precisados a abstenernos de revisar en los méritos el recurso presentado, dado que un término jurisdiccional es de carácter fatal y no admite prorroga o subsanación. Una "*Moción Solicitando Reconsideración*" que no cumpla con las disposiciones de la Regla 47, *supra* no se considera oportuna y no interrumpe los términos para acudir en alzada. Por consiguiente, carecemos de jurisdicción para atender los méritos del presente recurso.

**IV.**

Por los fundamentos expuestos, *desestimamos* el recurso de epígrafe por falta de *jurisdicción*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones